Jerry J. Jarzombek
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 2 2 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROCHELLE GEORGE,<br><br>Plaintiff,<br><br>vs.<br><br>GIOVE LAW OFFICE, P.C., and<br>NICOLE CAPLESS,<br><br>Defendants. | § § § § § § § § § § § § § § | Civil Action No. 4:05 CV 336<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.  Plaintiff, Rochelle George, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, TDCA and the DTPA.

2. Defendants, Giove Law Office, P.C. ("Giove") and Nicole Capless ("Capless") attempted to collect a consumer debt ("Debt") allegedly owed by the Plaintiff, arising from a purported obligation to Discover. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Giove is an organization engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of Giove's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Giove is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Giove is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7. As near as Plaintiff can understand the surname of this collector, it is Capless. Capless is an individual engaged in the business of collecting consumer debts in the Eastern District

of Texas. The principal purpose of Capless' business is the collection of consumer debts using the mails and telephone, and she regularly attempts to collect consumer debts for others. Capless is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Capless is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Capless is employed by Giove as a collector.

**Factual Allegations**

8. On or about August 10, 2005, Capless telephoned the Plaintiff at her place of employment. During that conversation, Capless made several representations, including the following:

   a. that Plaintiff should resolve her debt out of court;

   b. the amount of the purported debt is $23,000.00;

   c. that Plaintiff had two days to resolve the debt, of "they" were going to Collin County to file suit against Plaintiff.

9. When Plaintiff told Capless that Plaintiff believed the purported debt was at least five years old, Capless reiterated the urgency to settle the debt, and left her telephone number, which is 800-659-1521. Capless referred to this matter as "regarding a Collin County case, # 114909."

10. After a reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show:

   a. Neither Giove nor Capless intended to, nor could, institute legal proceedings against Plaintiff.

   b. Neither Giove nor Capless intended to, nor could, succeed on litigation filed against Plaintiff, because any claim is barred by the applicable statute of limitations.

c. Neither Giove nor Covert sent the notice described in 15 U.S.C. § 1692g.

11. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

12. The foregoing acts and omissions of the Defendants were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

13. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of it's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

**First Claim for Relief**

14. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

      i. Falsely representing that immediate payment arrangements were necessary;

      ii. False representing that litigation would be filed in Collin County, Texas, when Rodney Giove is neither licensed nor admitted to practice law in Texas.

   b. In violation of 15 U.S.C. § 1692e, 15 U.S.C § 1692e(2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer" standard, the Defendants used an objectively false representation and/or false, deceptive, or misleading representation or means in connection with the collection of a consumer debt, which included:

      i. Claiming a false sense of urgency;

    ii.  Claiming that litigation would be instituted, when there was no intention to do so;

    iii.  Claiming that litigation would be instituted when the debt is barred by limitations; and,

    iv.  Claiming that litigation would be instituted when Rodney Giove is neither licensed nor admitted to the practice of law in Texas.

  c.  In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken, including:

    i.  Claiming that litigation would be instituted, when there was no intention to do so;

    ii.  Claiming that litigation would be instituted, when the debt is barred by limitations;

    iii.  Claiming that litigation would be instituted when Rodney Giove is neither licensed nor admitted to the practice of law in Texas.

  d.  In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included:

    ii.  Falsely representing that immediate payment arrangements were necessary;

    ii.  False representing that litigation would be filed in Collin County, Texas, when Rodney Giove is neither licensed nor admitted to practice law in Texas.

  e.  In violation of 15 U.S.C. § 1692g(a) and the "least sophisticated consumer standard," the Defendants did not effectively convey the 15 U.S.C. § 1692g validation notice. Such conduct:

    i.  Contradicts or overshadows the validation notice required or given.

    ii.  Implies to a least sophisticated consumer there is no such period.

iii. Impermissibly detracts from the validation rights provided by statute.

iv. Confuses the true nature of an individual's validation rights.

**Second Claim for Relief**

15. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law, by falsely threatening litigation on a time barred debt, by an attorney not able to practice in Texas at the time of the threat.

    b. In violation of Tex. Fin. Code Ann. § 392.302(1), Defendants have attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

    c. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of consumer debt.

    d. In violation of Tex. Fin. Code Ann. § 392.304(a)(19), the Defendants used false representation or deceptive means to collect a debt or obtain information concerning a consumer.

16. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

17. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

18.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendants' actions violate the FDCPA, TDCA and the DTPA.

2. Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50 (d); and

4. Grant such further relief as deemed just.

Dated: August 15, 2005.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: August 15, 2005.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF